UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEAROY WILLAMS and <br> JONATHAN MORNING, individually and <br> on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TOPHAT LOGISTICAL <br> SOLUTIONS, LLC and <br> ATLAS LOGISTICS, INC., <br> , <br><br> Defendants. | Case No. 1:23-cv-01573 |

**COMPLAINT**

**I.     INTRODUCTION**

1.     This is an action brought on behalf of current and former delivery drivers challenging Defendants TopHat Logistical Solutions, LLC's ("TopHat") and Atlas Logistics, Inc.'s ("Atlas") unlawful practice of misclassifying delivery drivers as independent contractors instead of as employees.

2.     Plaintiffs allege that, as a result of Defendants' misclassification, they were not paid minimum wage as required by the Fair Labor Standards Act ("FLSA), 29 U.S.C. §201 *et seq*.

3.     Plaintiffs also allege that illegal deductions were made from their wages in violation of the Iowa Wage Payment and Collection Law and the Nebraska Wage Payment and Collection Act. Plaintiffs allege, in the alternative, that Defendants took unlawful deductions from their pay in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9 and required them to bear business expenses in violation of 820 Ill. Comp.

1

Stat. 115/9.5.

**II.     THE PARTIES**

3.      Plaintiff Learoy Williams is an adult resident of Des Moines, Iowa. Williams provided delivery services for TopHat in Iowa and Nebraska as a delivery driver from approximately 2020 until approximately November 2022.

4.      Plaintiff Jonathan Morning is an adult of Des Moines, Iowa. Morning provided delivery services for TopHat in Iowa as a delivery driver from approximately 2019 until approximately September 2022.

5.      The above-named plaintiffs bring this action, pursuant to 29 U.S.C. §216(b), on behalf of a collective of all other persons who contracted to provide delivery services for TopHat as delivery drivers, who personally provided delivery services to TopHat during the past three years, and who have been classified as independent contractors, and who were not paid minimum wage as required by the FLSA.

6.      Plaintiffs also bring individual claims against Defendants for unlawful deductions under Iowa Wage Payment and Collection Law. Plaintiff Williams also brings a claim for unlawful deductions under the Nebraska Wage Payment and Collection Act. In the alternative, Plaintiffs bring claims against Defendants for unlawful deductions and failure to reimburse business expenses under the IWPCA, 820 Ill. Comp. Stat. 115/9-9.5.

7.      Defendant TopHat is an Illinois corporation with its headquarters in Lake Geneva, Wisconsin.

8.      Defendant Atlas Logistics, Inc. ("Atlas") is an Indiana corporation with its headquarters in Evansville, Indiana. Atlas acquired TopHat in February 2020, and has successor liability for TopHat's unlawful acts.

### III. JURISDICTION

9. Venue in this Court is proper pursuant to the forum selection clause in the Parties' agreements, which provides any claim arising out of the Parties' relationship must be brought exclusively in the State or Federal courts serving Cook County, Illinois.

10. The Court has personal jurisdiction over Defendant TopHat because it is an Illinois company that does business in the State of Illinois, and its conduct in the State of Illinois underlies all claims in this suit.

11. The court also has personal jurisdiction over Defendant Atlas because Atlas does business in the State of Illinois, and its conduct in the State of Illinois underlies the claims in this suit.

12. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

14. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because each of the Plaintiffs resides in a different state from each of the Defendants, and because, taken individually, each of Plaintiff's claims, with interest and statutory penalties, exceeds $75,000.

15. This Court also has jurisdiction over Plaintiffs' claims pursuant to the choice of law provision in the Parties' agreements, which provides any aspect of the relationship between the Parties will be governed by and shall be construed under the laws of the United States and the State of Illinois, without regard to the choice of law rules of that or any other jurisdiction.

16. Defendants employ individuals engaged in commerce or in the production of

goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-7.

17. Defendants' annual gross volume of sales made or business done exceeds $500,000.

## IV. STATEMENT OF FACTS

18. TopHat is in the business of providing the delivery of appliances, furniture, and other merchandise to its customers.

19. In February 2020, Atlas, which provides transportation services across the United States, acquired TopHat. At the time of the acquisition, TopHat was valued at an estimated $50 million.

20. TopHat provides delivery services in the Midwestern United States for companies such as Costco, Wayfair, Mattress Firm, Ceba and Grand Appliance. In order to carry out this central function, TopHat purports to contract with individuals such as the Plaintiffs, to drive a delivery truck and to deliver merchandise to customers' homes.

21. Plaintiffs and other delivery drivers performed delivery services for TopHat. In order to receive such work, TopHat required Plaintiffs to sign an agreement drafted by TopHat which stated that Plaintiffs were independent contractors.

22. Although TopHat classified the named Plaintiffs, as well as other class plaintiffs, as independent contractors, the behavioral and financial control manifested over the drivers by TopHat, both under the terms of their contracts and in fact, demonstrates that they are, in fact, employees of TopHat. Such control includes, but is not limited to the following matters:

    a. Plaintiffs and other delivery drivers are required to report to TopHat facilities (or TopHat's customers' facility) as early as 5 AM., depending on the route assigned to them

by TopHat, five or six days a week, at which time they receive a list of deliveries which they must make.

  b.  The manifests received by Plaintiffs and other delivery drivers instruct them as to the order in which deliveries are to be made, and locations where deliveries to be made.

  c.  Plaintiffs and other delivery drivers must make deliveries within two-hour time windows set by TopHat.

  d.  TopHat keeps track of the progress of the Plaintiffs and other delivery drivers throughout the day by requiring them to carry GPS devices and/or to check in upon completing each delivery through an application on their cellphone.

  e.  TopHat subjects Plaintiffs to a rating system, which TopHat utilizes to determine Plaintiffs' pay and decide whether or not to assign work to the Plaintiffs.

  f.  TopHat requires all Plaintiffs to submit background checks and drug tests.

  g.  TopHat must authorize any helper utilized by the Plaintiffs to provide delivery services for TopHat.

  h.  Plaintiffs must comply with TopHat's uniform appearance and grooming standards.

  i.  TopHat requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by TopHat.

  j.  TopHat retains the right to terminate Plaintiffs and other delivery drivers for any reason.

  23.  Plaintiffs worked full-time for TopHat, often working five to six days per week and up to 14 hours per day delivering appliances, furniture, or other merchandise for TopHat.

  24.  Plaintiffs and other delivery drivers perform work which is in the usual course of business of TopHat – i.e., the Plaintiffs perform delivery services and TopHat is engaged in the

business of providing delivery services for its customers.

25. Plaintiffs and other delivery drivers do not have an independently established trade or business: they do not perform delivery services for anyone else while working for TopHat, they are dependent upon TopHat for their work, they do not negotiate with TopHat's customers regarding the rates charged for their services, and they do not contract with TopHat's customers independently.

26. TopHat deducts certain expenses directly from Plaintiffs' checks, including deductions for insurance (including workers' compensation insurance), equipment, truck rentals, and uniforms.

27. TopHat also compels Plaintiffs to incur certain other expenses which would normally be borne by an employer, such as for fuel cand vehicle maintenance.

28. When TopHat determines, in its discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), TopHat deducts the costs of such damage from Plaintiffs' pay checks without Plaintiffs' authorization. Plaintiffs cannot appeal such deductions.

29. TopHat also makes deductions from the pay of Plaintiffs and other class members for missing work or failing to make all of their assigned deliveries.

30. TopHat also requires Plaintiffs and other class members to pay an escrow fund. TopHat failed to return Plaintiffs' escrow fund to them at the end of their employment.

31. TopHat failed to pay Plaintiff Williams any compensation during several weeks during his employment, including for the last three weeks he worked on TopHat's Costco account. Likewise, TopHat failed to pay Plaintiff Williams for any of the time he worked on TopHat's Wayfair account, which included his final week of employment.

32. TopHat failed to pay Plaintiff Morning any compensation during several weeks

during his employment, including the final week of his employment.

## V. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals who worked for TopHat in the United States during the past three years.

34. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendants did not pay drivers at least the minimum wage for all hours worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### Count I
### Fair Labor Standards Act – Minimum Wage
### (Collective Action)

35. All previous paragraphs are incorporated as though fully set forth herein.

36. After accounting for the expenses Plaintiffs and the putative collective members paid that were necessary to perform their job, Defendants failed to pay Plaintiffs and the members of the putative collective an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a).

37. Defendants' conduct in failing to ensure that its delivery drivers, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were necessary to perform their job, was knowing, willful, intentional, and done in bad faith.

38. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### Count II
### Iowa Wage Payment and Collection Law - Deductions

39. All previous paragraphs are incorporated as though fully set forth herein.

7

40. Iowa's Wage Payment Collection Law ("WPCL") requires an employer to pay all wages due to its employees. Iowa Code § 91A.5.

41. Defendant TopHat is subject to the wage requirements of the WPCL because it is an "employer" under Iowa Code § 91A.2.

42. Defendant Atlas is subject to the wage requirements of the WPCL because it is an "employer" under Iowa Code § 91A.2

43. At all relevant times, Plaintiffs were covered employees entitled to the above-described WPCL protections. Iowa Code § 91A.2.

44. Plaintiffs are not exempt from the requirements of the WPCL for wage payments.

45. Defendants, pursuant to their policies and practices, made deductions from Plaintiffs' compensation that violate WPCL. Iowa Code § 91A.5.

46. Pursuant to Iowa Code § 91A.8, an employer, such as TopHat, who fails to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were not paid, interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

47. In violating Iowa law, Defendants acted willfully and with reckless disregard of clearly applicable WPCL provisions.

**Count III**
**Nebraska Wage Payment and Collection Act - Deductions**

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiff Williams worked for TopHat in Nebraska from October 2020 until January 2021.

50. At all relevant times, Defendants TopHat and Atlas were "employers" within the meaning of the Nebraska Wage payment and Collection Act.

51. At all relevant times, Plaintiff Williams was an "employee" within the meaning of

the Nebraska Wage payment and Collection Act.

52. Neb. Rev. Stat. Ann. § 48-1230 provides that "each employer shall pay all wages due its employees on regular days designated by the employer or agreed upon by the employer and employee."

53. Neb. Rev. Stat. Ann. § 48-123 further provides that an employer may only "deduct, withhold, or divert a portion of an employee's wages" when the company is required to do so by state or federal law, by order of the court or if the company "has a written agreement with the employee to deduct, withhold, or divert."

54. The deductions taken by Defendants from Plaintiff Williams' pay violated the Nebraska Wage payment and Collection Act.

55. Plaintiff Williams is entitled to recover the value of the unlawful deductions taken from their pay, as well as attorneys' fees and costs.

### Count IV
### Illinois Wage Payment and Collection Act
### (in the Alternative to Counts II-III)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Defendants violated the IWPCA, 820 Ill. Comp. Stat. 115/9 by making unlawful deductions from Plaintiffs' pay.

58. Defendants also violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by requiring Plaintiffs to bear business expenses which should have properly been borne by Defendants.

59. Plaintiffs seek reimbursement for all unlawful deductions taken by Defendants from their pay, and the expenses which Defendants unlawfully required them to incur.

### Prayer for Relief

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

2. Payment of all wages due to Plaintiffs and collective action members;

3. Restitution for all deductions taken from Plaintiffs' pay;

4. Restitution for all of Defendants' operating expenses that Plaintiffs were forced to bear;

5. Prejudgment interest;

6. Statutory and liquidated damages;

7. Attorney's fees and costs;

8. Any other relief to which the Plaintiffs and the collective action members may be entitled.

DATED: March 14, 2023

Respectfully Submitted,
LEAROY WILLIAMS and
JONATHAN MORNING,
individually and on behalf of all
others similarly situated,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
500 Lake Cook Rd., Suite 350
Deerfield, IL 60015
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold L. Lichten (*pro hac vice*)
Olena Savytska (*pro hac vice*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com